IN THE DISTRCT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Ceceia L. Clyburn, as Personal Representative of the Estate of Ray L. Shelton (deceased), | ) ) ) | |
| Plaintiff, | ) ) | **OPINION and ORDER** |
| versus | ) ) | C/A No. 6:10-1925-TMC |
| Lt. Champagne, Lt. Price, Sgt. James, Officer Duval and Laurens County Sheriff Rick Chastain, | ) ) ) ) | |
| Defendants. | ) | |

This matter comes before the court pursuant to the Motion to Dismiss filed by Defendants Laurens County Sheriff Rick Chastain and Lieutenant Champagne. (Dkt. # 39.)  The Motion to Dismiss asserts that the action should be dismissed for failure of proper service, in accordance with Federal Rule of Civil Procedure 4(m), and that the Summons and Complaint were not timely served in accordance with the order of this court filed July 26, 2011. (Dkt. # 33.)

For the reasons set forth below, the court has determined that the motion should be granted and that this case should be dismissed.

**I.   BACKGROUND**

The Plaintiff brought this action as "Personal Representative of the Estate of Ray L. Shelton, (deceased)."  The Plaintiff seeks damages for wrongful death and

alleges numerous violations of 42 U.S.C. §1983; violations of the "Fourteenth Amendment Equal Protection, Indigency and Mental Condition;" and violations of 42 U.S.C. 1985, 1986. (Dkt. # 1.)

The Complaint names as Defendants "Lt. Champagne" (Champagne), "Lt. Price" (Price), "Sgt. James" (James), "Officer Duval" (Duval), and Laurens County Sheriff Rick Chastain (Chastain). The action was filed on July 25, 2010, and arises out of the incarceration of the late Ray L. Shelton at the Laurens County Detention Center in July 2007. Mr. Shelton died on August 28, 2007.

On August 4, 2010, a Summons was issued as to all named Defendants (Dkt. # 10.) At that time, this action was assigned to The Honorable R. Bryan Harwell, who granted the Plaintiff's Application to Proceed Without Prepayment of Fee (Dkt. # 3) by order dated and filed August 6, 2010. (Dkt. # 12.) This order provided that the Plaintiff's request to waive the filing fee would be granted and stated that "[t]he Office of the Clerk of Court has already issued the summonses. Plaintiff's counsel is responsible for service of process. See Fed.R.Civ.P. 4(i)."

The case was thereafter assigned to The Honorable J. Michelle Childs on August 23, 2010. (Dkt. # 13.) Defendant Chastain filed an answer (Dkt. # 15) and motion to dismiss (Dkt. # 16) on February 17, 2011. The motion to dismiss cited as grounds that the action was not served in accordance with Federal Rule of Civil Procedure 4(m). The memorandum in support of the motion to dismiss asserted that "plaintiff's Complaint has never been properly served, however, there was an attempted service, upon information and belief, on January 28, 2011."

Plaintiff's counsel filed a memorandum in opposition to Defendant's motion on February 24, 2011 (Dkt. # 19), which asserted that Defendant Chastain had been served, that counsel's wife was suffering from serious medical problems, and that "[t]he process server assumed he was effecting service on the other Defendants as well, as he is accustomed to agencies with multiple Defendants accepting service for all. He has been instructed to personally serve the remaining Defendants and will do so, if the agency is going to attempt to avoid their service." Plaintiff's counsel also asserted in this memorandum that, due to his wife's medical condition, he "has had neither the time nor the concentration to spend at his office attending to his cases, but remains in communication with the process server." Defendants filed a reply to Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss on March 7, 2011, requesting that the court inquire into the litigation history of the case and issue such order as ensures all parties substantial justice in keeping with the rule of law. (Dkt. # 23.)

The court received an order issued by The Supreme Court of South Carolina, dated March 7, 2011, advising that on that date, William Gary White, III, counsel for the Plaintiff, had been suspended from the practice of law for a period of ninety days, and that Ian Douglas McVey, Esquire, had been appointed to assume responsibility for Mr. White's client files and law office accounts. (Dkt. # 26.) Mr. McVey filed a motion to stay the case on March 11, 2011, which the court granted on March 14, 2011. (Dkt. # 28.) An order lifting stay and requiring the parties to file a status report regarding current representation of the plaintiff and

the submission of a proposed scheduling order was issued on July 8, 2011. (Dkt. # 30.) The Defendants filed a status report on July 22, 2011, reflecting that defense counsel had received no communication from the Plaintiff or Plaintiff's representative indicating the parties' intention to prosecute the action, and further stating that "[o]n July 22, 2011, upon realizing that plaintiff's counsel had been reinstated, defense counsel attempted to contact Mr. White, but was unable to connect with him. Defense counsel will resume efforts to confer with Mr. White on Monday, July 25, 2011 and will report any new developments to the court." (Dkt. # 32.)[1]

Judge Childs entered an order denying the Motion To Dismiss on July 26, 2011 (Dkt. # 33), which provided, in part, as follows:

> Defendant acknowledges that service was attempted on January 28, 2011, and implies that such service is otherwise ineffective. The attempted service was clearly made in excess of the 120 days allowed by Rule 4. Plaintiff's counsel has indicated that personal obligations distracted him from attending to this case in an appropriate manner.
>
> While the court does not excuse counsel's actions in prosecuting this case, the court recognizes that some effort was made to effect service on at least one defendant. Therefore, the court declines to dismiss the Complaint at this time and Defendant Rick Chastain's Motion to Dismiss [Doc. 16] is **DENIED**. The court will allow Plaintiff thirty (30) days to effect proper service on the defendants.

Thus, Judge Child's order denying the Motion To Dismiss gave the plaintiff until August 25, 2011, to effect service upon the Defendants in this case.

---

[1] Attorney White was reinstated by the South Carolina Supreme Court on June 22, 2011. *In the Matter of White*, 393 S.C. 227 (2011). Mr. McVey was relieved of his appointment by order of the South Carolina Supreme Court dated August 17, 2011, filed with this court on August 23, 2011. (Dkt. # 36.)

Attorney White filed this Memorandum in Opposition to Defendant's Motion on August 1, 2011, five days after Judge Childs filed her order addressing the motion, which stated the following:

> Pursuant to the Text Order issued by the Court on March 14, 2011. In early March, 2011, counsel for Plaintiff was suspended and the trustee appointed for him filed a motion to stay this action, which the Court ordered. The stay was effective until being lifted by the Court on July 8, 2011. Counsel for the Plaintiff continues to represent the Plaintiff, but due to the suspension has not received the files from the trustee, thereby rendering any supplemental responses requested by Counsel for the Defense impossible. The Court ordered this Status Report which is now submitted. A proposed scheduling order will be submitted by the Plaintiff upon receipt of the files.

No proposed scheduling order was ever presented to the court.  After the thirty day time period to effect service as set forth in Judge Child's July 26, 2011 order had elapsed with no service having been effected on any of the named Defendants, Defendants Chastain and Champagne filed a second motion to dismiss.  (Dkt. # 39.)  Plaintiff filed a Memorandum in Opposition to Motion to Dismiss (Dkt. # 41) on October 13, 2011, which stated as follows:

> Plaintiff's action has been the subject of many impediments not of the Plaintiff's making. In January 2011, Plaintiff's counsel's wife became terminally ill. On March 7, 2011, Plaintiff's counsel was suspended from practice leaving Plaintiff with no representation. It was not until August 17, 2011, that the S.C. Supreme Court authorized return of Plaintiff's file to Plaintiff's counsel. Twelve boxes of files were delivered to counsel's office. Plaintiff's physical file is still missing.
>
> Plaintiff has still attempted service on Defendants. Defendants knowing of this action have avoided service. Plaintiff has affidavits of service which are attached (sic] or [.]

> Defendants have been aware of this action and its allegations for some time. They are now served. There is no prejudice to them in now allowing this case to be decided on the merits. Plaintiff would be greatly prejudiced if not allowed to proceed.

Two Proofs of Service were attached to the Plaintiff's memorandum. The first reflected that summons for "Lt. Champagne" had been received by the executing process server on September 7, 2007, thirteen days after the deadline for service in the August 25, 2011 order and served on said Defendant on the same date. The other Proof of Service indicated the summons for "Sheriff Ricky W. Chastain" had been received by the executing process server on August 10, 2011, and served on said Defendant on September 7, 2011. Accordingly, these two Defendants were served on September 7, 2011, forty-three (43) days after the entry of Judge Child's July 26, 2011 order, and over thirteen months after the action was commenced.[2]

This action was thereafter assigned to the undersigned for disposition. (Dkt. # 42.) Defendants then filed their Reply to Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss on October 21, 2011 (Dkt. # 44).

A hearing was scheduled on the Motion to Dismiss, but was continued on two occasions by consent. The hearing was eventually rescheduled for July 26, 2012. At the call of the case, counsel for Defendants Chastain and Champagne appeared. Counsel for the Plaintiff did not appear. Rather than proceed with the hearing, the court continued the matter and directed the Clerk of Court to inform

---

[2] None of the other defendants named in this action have been served, and no proof of service or proof of attempted service has been filed with this court.

counsel for the Plaintiff to file a written explanation as to why he did not appear and provide the same to opposing counsel.[3]

The court was able to have a hearing on the fourth attempt on August 29, 2011, at which counsel for the Plaintiff and Defendants Chastain and Champagne appeared and were heard.

## II. LEGAL ANALYSIS

A.  **Rule 4(m).**  The Federal Rules of Civil Procedure require that a defendant be served within 120 days after the complaint is filed.  Federal Rule of Civil Procedure 4(m) provides as follows:

> **(m) Time Limit for Service.** If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

As noted, if a defendant is not served within the 120 day period, then, generally, "the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.* Judge Childs, in her July 26, 2011 order, did not dismiss the action, but did order that service be made within a specified time, to wit, thirty days from entry of the order.

---

[3] Attorney White filed a letter with the court on July 18, 2011, stating that he had been distracted by personal issues, was experiencing computer problems, and had incorrectly calendared the motion hearing.

No case law has been provided to the court, either in the filings or at oral argument, on the question of whether or not the court has the discretion or authority to, in effect, grant an additional extension of time for service retroactive to the deadline established in the July 26, 2011 order.  Therefore, the court must look to the relevant law in the Fourth Circuit.

B. **Extension for good cause.**     Some courts have interpreted the 1993 amendments to Rule 4(m) as directing that courts use a two-step analysis when determining whether to dismiss a complaint for failure of service within the prescribed time.  First, upon a showing of good cause, the court must extend the period of time for service.  Second, if no good cause is found, the court should exercise its discretion in determining when to grant an extension of time for service or to dismiss the case without prejudice.  4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1137 (3d ed. 2012).

In *Mendez v. Elliot,* 45 F.3d 75 (4th Cir. 1995), the Plaintiff failed to effect service of his complaint within 120 days, as required by Rule 4(j), the predecessor to Rule 4(m).  After finding that no good cause existed to grant an extension, the trial court dismissed the action without prejudice.  In affirming the ruling, the Fourth Circuit Court of Appeals held that the district court may grant an extension of the time period for service of a complaint only for good cause, whether the court acts before or after the deadline for service provided in the rules has passed.  *Id*. at 79.

Subsequent to the ruling in *Mendez*, the United States Supreme Court, in *Henderson v. United States,* 517 U.S. 654 (1996), made the following observation, in a footnote to the opinion:

> Federal Rule of Civil Procedure 4(j), then in force, provided for service of the summons and complaint within 120 days after the filing of the complaint, a time limit subject to extension for good cause. The substance of this provision is retained in current Rule 4(m), which permits a district court to enlarge the time for service "even if there is no good cause shown." Advisory Committee's Notes on 1993 Amendments to Fed. Rule Civ. Proc. 4, 28 U.S.C.App., p. 654.

517 U.S. at 658 n.5 (1996). While not a substantive ruling in that case, this dicta has been regarded as persuasive by other courts, including the Fourth Circuit Court of Appeals, in several unpublished opinions issued since *Mendez. See Scruggs v. Spartanburg Reg'l Med. Ctr.,* 198 F.3d 237 (4th Cir. 1999) (unpublished table decision) (per curiam). In *Scruggs*, the Fourth Circuit questioned, but declined to overrule, its holding in *Mendez*, citing concerns as to whether one three judge panel could overrule another based solely on the dicta in *Henderson. Id*. at *2, n2. While not specifically overruling *Mendez,* in *Giacomo-Tano v. Levine*, 199 F.3d 1327 (4th Cir. 1999) (unpublished table decision (per curiam), the Fourth Circuit noted the following:

> In addition to specifying the 120-day period for service of process, Rule 4(m) states that "if the plaintiff shows good cause for the failure [to serve in a timely way], the court shall extend the time for service for an appropriate period." Although this language appears to require the district court to grant requested extensions of time, the requirement applies only if the plaintiff can establish good cause, and the determination whether good cause exists is one entrusted to the district court's discretion. *See Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 340-41 (7th Cir.1996); *see also Boley v. Kaymark*, 123 F.3d 756, 758 (3d Cir.1997), *cert. denied,* --- U.S. ----, 66 U.S.L.W. 3399 (U.S., Feb. 23, 1998) (No. 97-875); *Hendry v. Schneider,* 116 F.3d 446, 449 (10th Cir.1997). Even if a plaintiff does not establish good cause, the district court may in its discretion grant an extension of time for service. *See Henderson v. United States,* 517 U.S.

654, 663, 116 S.Ct. 1638, 134 L.Ed.2d 880 (1996); *Panaras,* 94 F.3d at 341; *Hendry,* 116 F.3d at 449.

*Id*. at *1. In *Hansan v. Fairfax County School Board,* No. 10-128, slip op. at 2 (4th Cir. December 21, 2010), the court again cited *Henderson* for the proposition that the district court has discretion to extend the period of time for service of process if the plaintiff can show excusable neglect for his failure to serve. *See also Vantage, Inc. v. Vantage Travel Serv., Inc.,* No. 8-2765, 2009 WL 735893 (D.S.C. March 20, 2009); *Cane Creek Cycling Components, Inc. v. Tien Hsin Indus. Co.,* No. 7-133, 2007 WL 3028321, at *5 (W.D.N.C., October 15, 2007).

Proceeding on the theory that the court may yet again extend the deadline upon a showing of good cause, the court must determine if good cause exists under the facts and circumstances of this case.

To grant an extension of time for service for good cause the court must find that the plaintiff has made "reasonable and diligent efforts to effect service" within the time period prescribed by law. Courts typically find good cause to extend the Rule 4(m) time limit where "'external factors [ ] stifle a plaintiff's due diligence' in effecting service." *McCollum v. Genco Infrasructure Solutions*, No. 10-210, 2010 WL 5100495, *2 (E.D. Va. Dec. 7, 2010, (quoting *T ampersand S Rentals v. United States*, 164 F.R.D. 422, 425 (N.D. W.Va. 1996). In general, good cause is found to exist only when some outside factor, rather than inadvertence or negligence, prevented service. *Lepone-Dempsey v. Carroll County Comm'rs,* 476 F.3d 1277 (11th Cir. 2007). Counsel's negligent failure to perfect service does not

support a showing of good cause. *McCollum*, 2010 WL 5100495 at *2 (citing *United States* v. *Sea Bay Dev. Corp.*, No. 6-624, 2007 WL 1378544 (E.D. Va. May 8, 2007)).

Here, Mr. White, counsel for the Plaintiff, argues that the case should not be dismissed because he was suspended from the practice of law, and that it was not until August 17, 2011, that the South Carolina Supreme Court authorized the return of the Plaintiff's file to him. Additionally, he asserts that the Plaintiff's physical file is still missing. (Dkt. # 41.) However, despite not having his client's file, Mr. White was able to receive and file documents, through the district court's electronic case filing system, including a status report and amended status report on August 1, 2011 (Dkt. # # 34, 35), and a response to the motion to dismiss on October 13, 2011 (Dkt. # 41). Further, at oral argument, upon inquiry by the court, Mr. White indicated that he still, as of August 29, 2012, did not have possession of the Plaintiff's file. Upon further inquiry by the court as to where the file might be located, Mr. White indicated that a private investigator had some files, and might have the Plaintiff's file. No explanation was given as to why, despite not having the Plaintiff's file, counsel was able to print a copy of the Summons and Complaint for delivery to his process server in September 2011, or why no motion for extension of time was filed prior to the expiration of the additional 30 day time period granted by the July 26, 2011 order.

No evidence has been provided to the court to indicate that the Plaintiff's failure to effect service in a timely fashion after the July 26, 2011 order was the

result of conduct of third parties, such as the process server, or that the Defendants have, in any way, attempted to evade service or engage in misleading conduct designed to avoid service of process.

Accordingly, while the court is not unsympathetic to counsel's personal and professional difficulties, given the totality of the facts and circumstances presented, the court is unable to find that good cause exists to extend the time for service beyond the period set forth in the July 26, 2011 order.

**C.     Extension at the discretion of the court.**

Assuming the court has the discretion, in the absence of good cause, to grant an additional extension of time for service beyond that which was granted by the July 26, 2011 order, the court finds that such an extension is not warranted.

It cannot be reasonably argued that the first motion to dismiss, as well as the July 26, 2011 order, should not have awakened the Plaintiff to the need to effect service and prosecute the claim.  If the Plaintiff had legitimate reasons for being unable to effect service upon the Defendants, a motion to extend the deadline contained in the July 6, 2011 order could have been filed.  In addition, the Plaintiff, knowing that defense counsel had been retained, could have sought a waiver of service from counsel for the Defendants pursuant to Rule 4(d).  No such waiver was sought.[4]  To the contrary, the information submitted to the court reflects that counsel for the Defendants attempted to contact the Plaintiff's attorney to discuss the status of the case, to no avail.

Based upon the uncontroverted information submitted at the hearing on the second motion to dismiss, it is questionable as to whether or not the Plaintiff desires, or ever desired, to prosecute this case.  According to the records obtained by counsel for the Defendants from the office of the Probate Court for Laurens County, South Carolina, the Plaintiff filed a document with the Probate Court on November 3, 2009, stating "I don't have any pending litigation."  The Plaintiff filed

---

[4] Mr. White, counsel for the plaintiff, was surely aware of the consequences for failure to meet service deadlines, as he was counsel of record for the plaintiff in *Scruggs, supra*.

subsequent documentation with the Probate Court on December 31, 2009, representing that no litigation was pending at that time.  On August 13, 2009, the Plaintiff filed a Petition For Settlement of the Estate of Ray C. Shelton, which represented that no litigation was pending and requested that she be released from her duties as Personal Representative and her appointment be terminated.  The Probate Court issued an order closing the estate in Case No. 2007-ES-30-00402, Records of Laurens County, South Carolina, on January 25, 2010.  Therefore, on July 25, 2010, the date the Complaint in this action was filed, the Estate of Ray C. Shelton had been closed for more than six months, and the Plaintiff, arguably, had no standing to file the claim in the first instance.[5]

The court is also concerned about representations made in this case.  In Plaintiff's Memorandum in Opposition to the Motion to Dismiss (Dkt. # 41), counsel for the Plaintiff represented that "Plaintiff has still attempted service on Defendant. Defendants knowing of this action have avoided service."  However, there is no indication that any attempt has ever been made to effect service upon the Defendants identified in the complaint as "Lt. Price," "Sgt. James," and "Officer Duval."  In addition, despite filing a document which represented that the Defendants have "avoided service," at the hearing on August 29, 2012, when asked by the court about these representations, counsel for the Plaintiff stated that he had no indication that the Defendants had attempted to evade service.

---

[5] Rule 17, Federal Rules of Civil Procedure. provides that "[a]n action must be prosecuted in the name of the real party in interest," and lists as appropriate parties, an "executor" and "administrator."

The court is not unmindful of the fact that a dismissal of the Complaint may place the Plaintiff's claim outside the applicable statute of limitations. However, Plaintiff has provided no reasoned basis for the court to exercise discretion to extend the time for service beyond the deadline set in the July 26, 2011 order. No authority has been provided to the court for the proposition that the fact that the Plaintiff's claim may be time barred upon dismissal of the case requires further extension of the deadline for service of process. Parties are accountable for the mistakes of their counsel. *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship,* 507 U.S. 380 (1993). Assuming the Plaintiff did, at some point in time, desire to pursue a claim against the Defendants, she voluntarily chose her attorney to represent her in the action and "cannot now avoid the consequences of the acts or omissions of this freely selected agent." *Link v. Wabash R.R. Co.,* 370 U.S. 626, 633-34 (1962). As has been noted by other courts in this district, "'without prejudice' does not mean 'without consequence.'" *Anderson v. City of Rock Hill*, No. 04-22892, 2005 WL 3968035, *2 (D.S.C. Apr. 15, 2005).

The drawn out history of this case, the dilatory conduct exhibited, and the delays of the Plaintiff in moving forward to prosecute the claim are such that the action should be dismissed. Failure to do so in this instance would be to deprive Rule 4(m) of import and meaning.

### III. CONCLUSION

For the reasons stated above, the court has determined, pursuant to the standards set forth herein, that the Motion to Dismiss should be granted. Accordingly, the Motion to Dismiss filed by Defendants Laurens County Sheriff Rick Chastain and Lieutenant Champagne (Dkt. # 39) is **GRANTED**. Further, in light of the failure to serve the other Defendants named herein, and for the reasons stated above, the court finds the action should be **DISMISSED** in its entirety, without prejudice.

**IT IS SO ORDERED.**

                                                     s/Timothy M. Cain
                                                     Judge, United States District Court

Anderson, South Carolina

September 28, 2012